# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DON CAMPBELL (#252362),           )
                                  )
    Plaintiff,              )
                                  )   No. 09 C 4976
  v.                              )
                                  )   Judge James B. Zagel
TOM DART, et al.,                 )
                                  )
    Defendants.             )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Don Campbell, an inmate presently in the custody of the Wisconsin Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that the Defendants, Cook County Sheriff Tom Dart; Director of the Cook County Jail Salvador Godinez; Supervisor of Program Services at Cook County Jail, John Mueller; Dr. Sergio Rodriguez; Dr. Carlos Altez; Dr. Eileen Couture, Medical Director of Cermak Health Services; and Dr. Robert Simon (hereinafter, "Defendants"), violated his constitutional rights by denying him adequate medical care when he was incarcerated at the Cook County Jail.

Plaintiff alleges that on May 5, 2007, during his arrest, he was tasered by police, resulting in two wounds to his back. By August or September of 2007, Plaintiff became concerned that the wounds he suffered had become infected with staphylococcus aureus. Although Plaintiff continually expressed his concern about his staph infected wounds, he contends that Defendants provided him with constitutionally inadequate care for his ongoing infection. On initial review pursuant to 28 U.S.C. § 1915A, the Court determined that Plaintiff stated a claim for deliberate indifference to a serious medical need against all Defendants. The Court granted Defendant

Rodriguez's motion to dismiss on January 12, 2010. It appears that Plaintiff has failed to effectuate service on Defendant Simon, although alias summons was issued on December 23, 2009.

Presently before the Court are the remaining Defendants' motions to dismiss Plaintiff's complaint for failure to state a claim. Defendants Dart, Godinez, Mueller, and Couture argue that Plaintiff's complaint fails to state an official capacity claim against them. Defendants Altez and Couture also argue that Plaintiff has failed to state a claim for deliberate indifference against them. For the reasons stated in this order, Defendants Dart, Godinez and Mueller's motion to dismiss is denied and Defendants Altez and Couture's motion is granted in part and denied in part.

It is well established that *pro se* complaints are to be liberally construed. *Haines* v. *Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson* v. *Washington,* 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)).

The allegations "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quotation omitted). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in the plaintiff's favor. *Tamayo*, 526 F.3d at 1081. However, a plaintiff can plead himself or herself out of court by pleading facts that

undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

## BACKGROUND

Plaintiff alleges the following facts in his amended complaint, which are accepted as true for purposes of the motion to dismiss. Plaintiff was arrested on May 5, 2007. During his arrest, he was tasered in the back by police. When he was taken into custody and processed into the custody of the Cook County Jail, he had open wounds on his back from the tasering. Plaintiff was prescribed ibuprofen and diphenhydramine, and, at first, the wounds appeared to be healing over normally. However, by August or early September of 2007, Plaintiff believed that he had contracted staphylococcus aureus in the wounds.

Plaintiff believed he had a staph infection because Division 11, where he was housed within the Cook County Jail, was an area known to house other inmates who were infected. Plaintiff noticed that the area where he had been tasered had abscessed and filled with puss. He submitted requests to see medical personnel every day for a week. When his requests were ignored, he wrote letters to Defendants Dart, Godinez and Rodriguez telling them he believed he was suffering from a staph infection. He saw Defendant Godinez in Division 11, and Godinez took no action.

Plaintiff alleges that he saw Defendant Altez in September of 2007. Defendant Altez wrote him a prescription for Bactrim. Plaintiff had been treated by Defendant Altez in 2006 for an earlier staph infection in his hand. Plaintiff expressed his concern that Bactrim had not worked in the past, and that it was insufficient to treat his present infection. Defendant Altez refused to perform any tests on Plaintiff and told him to leave. Plaintiff again wrote to Defendants Dart, and Godinez, asking them to intervene and he received no response. Plaintiff again saw Defendant Godinez and he did nothing to assist him. By this time, the lesion on

Plaintiff's back had grown to the size of a quarter, caused him extreme pain, and was full of puss.

Plaintiff was sent to the Health Care Unit where he once again saw Defendant Altez. Plaintiff alleges that Defendant Altez made note of the fact that Plaintiff had filed complaints against him, and refused to treat him. Another unnamed doctor looked at Plaintiff's back, told him he would be fine, and sent him away. On his way out of the health care unit, Plaintiff passed Defendant Altez again, and Defendant Altez refused him treatment.

Plaintiff was subsequently transferred to Stateville Correctional Center after pleading guilty to the charges brought against him. During his time in the custody of the Illinois Department of Corrections, Plaintiff was prescribed antibiotics, borrowed antibiotics from other inmates, and eventually his back healed. He does however have permanent scarring on his back due to the prolonged infection.

Plaintiff alleges that Defendants Dart, Rodriguez, Godinez, Mueller, Couture, and Simon failed to adequately protect him and other Cook County Jail inmates from serious medical conditions such as staph infections and have a policy of providing inadequate treatment for staph infected inmates. He further alleges that these Defendants are in a position of authority to create and implement policy at Cook County Jail. He finally alleges that as a result of these policies, his staph infection was inadequately treated in violation of his Eighth Amendment rights. He sues all Defendants in both their official and individual capacities.

## ANALYSIS

### A. Defendants' Motion to Dismiss Plaintiff's Official Capacity Claims.

Defendants argue in their motions that Plaintiff fails to state a § 1983 claims against Defendants Dart, Godinez, Mueller, Couture, Simon, and Altez, because he does not adequately name or describe a custom and policy that violated Plaintiff's rights. Plaintiff's allegation as to

4

Defendants is that they had a policy of failing to treat inmates generally, and him specifically for staph infections at the Cook County Jail. According to Plaintiff, the policy instituted by these Defendants led to insufficient treatment for several months and that he was not effectively treated until he left the custody of Cook County Jail to begin his period of incarceration within the Illinois Department of Corrections. He alleges that the insufficient treatment he received led to months of pain, a worsening infection, and permanent scarring. Specifically, Plaintiff has pled that Defendants had either failed to create a policy to adequately treat inmates with staph infections, or had implemented a policy to inadequately treat inmates with staph infections. (*See* Plaintiff's complaint, ¶ 24). In either case, Plaintiff has adequately pled an official capacity claim against Defendants Dart, Godinez, Mueller, and Couture.

Defendants argue that Plaintiff is required to plead a specific policy or practice. Plaintiff's pleading satisfies the requirements of Fed. R. Civ. P. 8(a), the notice pleading requirements established by the United States Supreme Court, and has satisfactorily pled a claim for deliberate indifference against Defendants Dart, Godinez, Mueller, and Couture. *See Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d at 1085. Requiring him to more specifically plead would constitute a shift to a requirement of fact pleading which *Bell Atlantic* and *Tamayo* do not sanction. Additionally, the Court would note that in its order on initial review, issued on September 9, 2009, the Court specifically held that Plaintiff had adequately stated that Defendants had implemented a custom and policy resulting in him receiving insufficient care for the staph infection on his back  Consequently, Defendants' motions to dismiss Plaintiff's official capacity claims is denied.

### B. Defendants' Altez and Couture's Motion to Dismiss Plaintiff's Claims of Deliberate Indifference.

Because Plaintiff was a pretrial detainee during the relevant time period, his conditions of confinement claim must be analyzed under the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520 (1979). Since "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law[,]" the Court inquires whether the alleged conditions amount to punishment of the detainee. *Id* at 535. However, conditions-of-confinement claims by pretrial detainees are analyzed under the same standards that apply to convicted prisoners under the Eighth Amendment. *See, e.g., Henderson v. Sheahan*, 196 F.3d 839, 844 n.2 (7th Cir. 1999).

Though some of the Seventh Circuit's decisions suggest that the Fourteenth Amendment might conceivably provide a greater level of protection to pretrial detainees than the Eighth Amendment provides to convicted prisoners, *see, e.g., Sanders v. Sheahan*, 198 F.3d 626, 628 (7th Cir. 1999) (stating that "the protections extended to pretrial detainees … are at least as extensive as the protections … extended to prisoners"), in the particular circumstances of this case, the standard makes no practical difference. Accordingly, the Court will analyze Plaintiff's claims under the standard that applies in Eighth Amendment conditions-of-confinement cases.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligence in diagnosing or treating a medical condition." *Estelle*, 429 U.S. at 106; *see also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied*, 519 U.S. 897, 117 S. Ct. 244, 136 L. Ed. 2d 173 (1996). An official is

deliberately indifferent when he acts or fails to act "despite his knowledge of a substantial risk of serious harm" to the inmate. *Farmer*, 511 U.S. at 842.

Plaintiff has pled that when he went to the health care unit, he complained to Dr. Altez about his infection. (*See* Plaintiff's complaint, ¶ 20). He alleges that he asked to be tested for staph, and Dr. Altez refused. *Id.* He tried to discuss alternate treatment than what Dr. Altez had planned, based on his prior experience with staph infections, and Dr. Altez refused. *Id.* Plaintiff further pleads that Dr. Altez made mention of Plaintiff making complaints against him, and then walking away. *Id*. When Plaintiff approached Dr. Altez again about alternative treatment, he refused to speak to him. *Id*. Plaintiff has effectively pled an objectively serious medical condition (staph infection), and that when he sought treatment from Dr. Altez, he refused to provide it. *Id*. While Plaintiff did receive some treatment, he has pled that it was inadequate, which is sufficient to state a claim. Defendants' motion to dismiss Plaintiff's allegations of deliberate indifference against Defendant Altez is denied.

Defendants are correct in their argument that Plaintiff has pled no personal involvement on the part of Dr. Couture in Plaintiff's treatment. Liability under the Civil Rights Act requires a defendant's personal involvement in any alleged constitutional violations. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for §1983 recovery. *Hildebrandt*, 347 F.3d

1014, 1039 (7th Cir. 2003) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)); *see also Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (*sua sponte* dismissal of complaint *Bivens* complaint upheld for failure to allege personal involvement against the defendants). Plaintiff does not plead any contact with Defendant Couture, only that she was a policy maker regarding medical care. Plaintiff is seemingly only pursuing an official capacity claim against Dr. Couture. Consequently, any claim that Plaintiff may have been making against Dr. Couture in her individual capacity is dismissed.

### C. Defendant Simon is Dismissed

Plaintiff has failed to make proof of service on Defendant Simon as required by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period . . . .

In the case at bar, the complaint was filed on August 13, 2009. The Court provided for attempted service on Defendants by the U.S. Marshal's Service. However, the Marshal has been unable to locate Defendant Simon based on the identification information provided by Plaintiff. Although the Court ordered alias summons issued on December 23, 3009, Plaintiff has still failed to effectuate service on Defendant Simon, and according to the docket, it appears that no further effort has been made to attempt service on him. Ultimately it is Plaintiff's responsibility to assure service on Defendants pursuant to Fed. R. Civ. P. 4. As Plaintiff has failed to effectuate service on Defendant Simon within 120 days as required under Fed. R. Civ. P. 4(m), Defendant Simon is dismissed from this cause of action. The Court notes that the claims against

Defendant Simon appear to be in his official capacity as a policy maker. Official capacity suits are in reality suits against the government. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). As Plaintiff's official capacity claims have survived Defendants' motions to dismiss as to the remaining Defendants, Defendant Simon is duplicative, and therefore not necessary.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss [##16 and 21] are granted in part and denied in part. Plaintiff's individual capacity claims against Defendant Couture are dismissed. Plaintiff's claims against Defendant Altez for deliberate indifference to a serious medical condition are not dismissed and Plaintiff may proceed on that claim. Plaintiff's official capacity claims brought against Defendants Dart, Godinez, Mueller, and Couture also survive. Defendants Dart, Godinez, Mueller, Couture, and Altez are given 30 days to answer the complaint, or otherwise plead. Defendant Simon is dismissed as a Defendant from this cause of action.

Dated: August 5, 2010

_____
James B. Zagel
United States District Court Judge