# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4976 | **DATE** | 3/16/2011 |
| **CASE TITLE** | Don Campbell vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Rule 60 motion to reconsider the dismissal of this case (Dkt. No. 53), is denied.

O[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Pro se plaintiff Don Campbell brought this action pursuant to 42 U.S.C. § 1983 alleging that the defendant Cook County Jail officials were deliberately indifferent to his serious medical condition resulting from a staph infection. On December 20, 2010, this Court granted defendants' motion to dismiss for want of prosecution. (Dkt. No. 52). Pending before the Court is plaintiff's motion for reconsideration of the dismissal. (Dkt. No. 53).

     Plaintiff's case was dismissed because of his continued failure to appear for his deposition and also failure to appear at court hearings. (Dkt. No. 5). He failed to appear at the motion hearing when his case was dismissed on December 20, 2010. (Dkt. No. 52). He also failed to appear at other status hearings and failed to respond to a motion to dismiss in a timely fashion requiring the issuance of a show cause. (Dkt. Nos. 30, 32, 48).

     Plaintiff's motion to reopen must be treated as a motion under Rule 60(b) of the Federal Rules of Civil Procedure because it was filed almost three months after the dismissal of his case. *See Kswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742-43 (7th Cir. 2009). The relevant section, Rule 60(b)(1), allows for relief from a judgment for "excusable neglect." FED. R. CIV. P. 60(b)(1); *see also Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009) (explaining that Rule 60(b)(1)'s excusable neglect standard is used when a party seeks relief from a judgment imposed because of delay or inattentiveness in litigating a case). "The standard for reviewing whether neglect was 'excusable' is an equitable one, taking into consideration relevant circumstances, including (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith." *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993); *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600,

| STATEMENT |
|---|

606 (7th Cir. 2006) (explaining that the *Pioneer* standard is used for an excusable neglect claim raised under the Federal Rules of Civil Procedure). The ultimate question of whether excusable neglect occurred is "'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Raymond*, 442 F.3d at 606 (quoting *Pioneer*, 507 U.S. at 395).

Plaintiff asserts that defense counsel gave him incorrect information regarding the time for his deposition. He also asserts that the notice of deposition was mailed to the wrong address and blames the Clerk for not updating the docket. However, he does recognize that he received telephone notice for his deposition and does not dispute that he missed the scheduled deposition time on two separate occasions. He claims that he needed to miss the deposition because of a family illness. He also does not dispute that he failed to diligently pursue his claims and his failure to appear for his deposition is part of his negligent pattern in litigating this case.

Parties have a duty to attend to their cases, *Easley v. Kirmsee*, 382 F.3d 693, 698-99 (7th Cir. 2004), and this includes pro se parties because it is "well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Plaintiff provides a number of excuses and blames the clerk and opposing counsel. However, the failure to diligently litigate this case is ultimately plaintiff's responsibility. The dismissal for want of prosecution was appropriate and so his motion to reconsider (Dkt. No. 53), is denied.